**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005374
16-DEC-2016
10:44 AM**

NO. CAAP-13-0005374

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KUHIO EBBTIDE DEVELOPMENT, INC.,
Plaintiff-Appellee,
v.
CHARLES MORSE BARKER, III and JANICE MURDOCH,
Defendants-Appellants
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10;
AND DOE ENTITIES 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-3056-12)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Fujise, JJ.)

Defendants-Appellants Charles Morse Barker III (Barker) and Janice Murdock (Murdock) (collectively, Defendants), appearing *pro se*, appeal from the "Final Judgment Re: Order Granting Plaintiff's Second Motion for Summary Judgment and Final Judgment Against All Defendants" (Judgment). The Judgment was entered in favor of Plaintiff-Appellee Kuhio Ebbtide Development,

Inc. (KEDI) and against Defendants, and it was filed in the Circuit Court of the First Circuit (Circuit Court)[1] on January 8, 2014. The Judgment was issued pursuant to the Circuit Court's "Order Granting Plaintiff's Second Motion for Summary Judgment and Final Judgment Against All Defendants" (Summary Judgment Order) filed on October 25, 2013. As explained below, we affirm the Circuit Court's Judgment.

I.

KEDI is a Hawai'i corporation that operates the Kuhio Ebbtide Hotel, Inc., a cooperative housing project. KEDI is the lessor for the apartment unit at issue in this case pursuant to a Proprietary Lease agreement. Pursuant to an "Assignment of Proprietary Lease and Share of Stock," Defendants acquired, as joint tenants, an interest in the apartment unit and one share of stock in KEDI. Defendants also became obligated to timely pay rents and assessments on the apartment unit.

Defendants failed to make timely payments as required, and KEDI sent a demand letter dated August 31, 2011, to Barker, seeking $9,086.82 in unpaid maintenance fees, late fees, and attorneys' fees and costs. Barker subsequently proposed a payment plan in which he would pay the current fees as they came due and cure the default at a rate of $50 per month. KEDI did not accept the payment plan and did not cash the checks sent by Barker pursuant to his proposal. On December 13, 2011, KEDI filed its Complaint against Defendants for declaratory relief and breach of contract. The Circuit Court granted KEDI's second motion for summary judgment and entered its Summary Judgment Order and the Judgment.

II.

On appeal, Defendants contend that the Circuit Court erred in granting KEDI's second motion for summary judgment because the Circuit Court: (1) failed to require KEDI to accept Defendants' proposed payment plan; (2) failed to recognize that

---

[1] The Honorable Jeannette H. Castagnetti presided.

2

KEDI's Proprietary Lease was never recorded and thus is unenforceable; (3) "failed to recognize violation of unlawful constructive eviction"; (4) failed to recognize Murdock's bankruptcy discharge and the bankruptcy termination of Murdock's lease or the transfer of Murdock's interest in the apartment unit in entering a money judgment against her; (5) failed to address the dwelling ownership rights of Barker; (6) failed to apply the standards for granting summary judgment; and (7) failed to address their defamation of character claim.

We resolve the issues raised by Defendants on appeal as follows:

1. The Circuit Court did not err in failing to require KEDI to accept Defendants' proposed payment plan. Defendants assert that KEDI was required to accept their proposed payment plan pursuant to Section "667-T" of Act 48 of the 2011 Hawai'i Session Laws, 2011 Haw. Sess. Laws Act 48, § 4 at 94, which was subsequently codified as Hawai'i Revised Statutes (HRS) § 667-21.6 (Supp. 2011). However, HRS § 667-21.6 applies when a unit owners' association organized under HRS § 514B-102 or prior condominium property regime statues is pursuing a non-judicial foreclosure. KEDI is not subject to HRS § 667-21.6 because it is not a unit owners' association organized under HRS § 514B-102 or prior condominium property regime statutes, but rather is a cooperative housing project organized under HRS Chapters 421I and 414. In addition, KEDI was not pursuing a non-judicial foreclosure, but had filed a lawsuit asserting claims for declaratory relief and breach of contract. Accordingly, KEDI was not subject to the payment plan requirements imposed by HRS § 667-21.6.

2. The Circuit Court did not err in failing to find that the Proprietary Lease was unenforceable because it was not recorded. In support of their contention, Defendants cite HRS § 502-83 (2006) and HRS § 501-121 (2006). Neither provision supports Defendants' claim that the Propriety Lease was unenforceable because it was not recorded. HRS § 502-83 requires

3

recordation of real estate conveyances to protect subsequent good faith purchasers who have no actual notice of the conveyance. Defendants had actual notice of the Proprietary Lease and thus cannot rely on HRS § 502-83 for protection.  HRS § 501-121 requires leases of registered Land Court property to be registered.  The Proprietary Lease is not a lease of registered Land Court property and thus HRS § 501-121 is inapplicable.[2/]

3.    Defendants did not raise a claim of unlawful constructive eviction in opposition to KEDI's second motion for summary judgment.  They are not entitled to raise this claim in asserting that the Circuit Court erred in granting summary judgment on appeal.  See State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases."); Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107-08, 58 P.3d 608, 618-19 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal. . . . When reviewing a summary judgment, an appellate court's consideration of the record is limited to those materials that were considered by the trial court in ruling on the motion.").[3/]

4.    The Circuit Court did not err in rejecting Defendants' claim that Murdock's bankruptcy discharge, the alleged bankruptcy termination of Murdock's lease, or the alleged transfer of Murdock's interest in the apartment unit prevented the award of a money judgment against Murdock.  Murdock filed for Chapter 7 bankruptcy protection on August 10, 2011, and she

---

[2/] To the extent that Defendants argue that the Circuit Court erred in entering summary judgment against them because the "master lease" for the entire project was not recorded, their argument also fails.  Defendants do not explain how the purported non-recording of the master lease would serve to excuse their obligation to timely pay rents and assessments on the apartment unit.

[3/] We reject other claims which Defendants raise for the first time on appeal or which they did not raise in their opening brief.

received a Chapter 7 discharge on November 17, 2011. However, Murdock's bankruptcy discharge did not discharge her post-petition debts, see 11 U.S.C. § 523(a)(16), and KEDI did not seek, and was not awarded, damages for pre-petition fees owed by Murdock.

Defendants' claim that Murdock's interest in the apartment unit was terminated because it was "deemed rejected" by the bankruptcy trustee pursuant to 11 U.S.C. § 365(d)(1) is without merit. A proprietary lease, such as the one at issue in this case, is not subject to the provisions of 11 U.S.C. § 365. See In re Swift, 496 B.R. 89, 104 (Bankr. E.D.N.Y. 2013) ("A proprietary lease in a cooperative corporation 'is not a 'true' lease under section 365.'" Therefore, the proprietary lease [is] not rejected [if the bankruptcy trustee fails to assume it within 60 days of the order for relief]." (internal citation omitted)). Defendants' reliance on 11 U.S.C. § 365(d) is misplaced.

Murdock's alleged transfer of her interest in the apartment unit to Barker on December 1, 2011, did not raise a genuine issue of material fact. In Defendants' answer to the Complaint, which was filed after Murdock's purported transfer of her interest in the apartment, Murdock admitted that she owned the apartment unit along with Barker. In addition, any transfer of Murdock's interest in the apartment unit required KEDI's consent. KEDI asserted that it did not consent to Murdock's transfer of her interest, and Defendants did not produce evidence showing a valid transfer.

5. Defendants' claim that the Circuit Court failed to address the dwelling ownership rights of Barker is without merit. Barker's rights to and interest in the apartment unit were subject to termination for nonpayment of required fees and assessments. The Circuit Court considered and addressed Barker's ownership rights in ruling on KEDI's second motion for summary judgment.

6. Defendants' claim that the Circuit Court failed to apply the standards for granting summary judgment is without

5

merit. In addition to the other arguments that we have rejected, Defendants contend that the Circuit Court erred in granting summary judgment without requiring mediation pursuant to HRS § 421I-9 (Supp. 2015). The Circuit Court determined that mediation was not required under HRS § 421I-9, as the dispute between KEDI and Defendants concerned Defendants' non-payment of maintenance fees and KEDI's remedies for such default. We conclude that the Circuit Court did not err in granting summary judgment without requiring mediation under the circumstances of this case.[4]

Defendants also contend that purported inaccuracies in the delinquent amounts they owed precluded summary judgment.[5] However, KEDI supported its second motion for summary judgment with an accounting of the delinquent amounts owed by Defendants. Although Defendants made conclusory statements alleging inaccuracy, they did not produce any specific evidence to challenge KEDI's accounting. Defendants' conclusory allegations did not establish the existence of a genuine issue of material fact. See Hawai'i Rules of Civil Procedure Rule 56(f) (2000).

7. The Circuit Court did not err in failing to address Defendants' defamation claim. Defendants filed a defamation claim in their counterclaim against KEDI. However, KEDI's second motion for summary judgment sought summary judgment on KEDI's Complaint and did not seek summary judgment on Defendants' defamation counterclaim. In addition, the Circuit Court's Judgment from which Defendants appeal did not enter judgment on Defendants' defamation counterclaim. Thus, Defendants' argument regarding their defamation claim is without merit.

---

[4] We note that the record indicates that Defendants declined to participate in mediation because it would have been too expensive.

[5] By offering to enter into a payment plan in response to KEDI's demand letter, Barker admitted that there were delinquent amounts owed.

III.

Based on the foregoing, we affirm the Circuit Court's Judgment.

DATED: Honolulu, Hawai'i, December 16, 2016.

On the briefs:

Charles Barker III
Janice Murdoch
Defendants-Appellants Pro Se

Chief Judge

R. Laree McGuire
Jamila E. Jarmon
(Porter McGuire Kiakona & Chow, LLP)
for Plaintiff-Appellee

Associate Judge

Associate Judge

7